NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSUE ANTONIO CHICAS-LEMOS, AKA
Josue Chicas, AKA Josue Antonio Chicas
Del Cid, AKA Josue Delchicas,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    18-71959

Agency No. A206-407-402

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2026**
Pasadena, California

Before: GRABER, CLIFTON, and JOHNSTONE, Circuit Judges.

Josue Antonio Chicas-Lemos, a native and citizen of El Salvador, petitions

for review of a decision of the Board of Immigration Appeals ("BIA") dismissing

his appeal from an immigration judge's ("IJ") denial of his applications for asylum,

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). When the BIA conducts its own review of the record, "our review is limited to the BIA's decision except to the extent that the IJ's opinion is expressly adopted." *Park v. Garland*, 72 F.4th 965, 974 (9th Cir. 2023) (citation and internal quotation marks omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

     1.     Substantial evidence supports the determination that Chicas-Lemos did not apply for asylum within a reasonable time of changed circumstances and that extraordinary circumstances did not excuse his delay in filing.[1] *See Ruiz v. Bondi*, No. 23-1095, 2025 WL 3704362, at \*10 (9th Cir. Dec. 22, 2025) (stating the standard of review for determinations regarding extraordinary circumstances); *Taslimi v. Holder*, 590 F.3d 981, 987–88 (9th Cir. 2010) (discussing the standard of review for determinations regarding changed circumstances). The IJ found that the killing of Chicas-Lemos's aunt in 2013 was a changed circumstance, but Chicas-Lemos did not file his application for asylum until 2016. He explained that he "has only a 9th grade education, [and] did not know asylum was an option until he consulted his present attorney." But we have rejected the argument that "ignorance of the legal requirements for filing an asylum application is an

---

[1]    Chicas-Lemos does not contest that he failed to apply for asylum within one year of his arrival in the United States.

'extraordinary circumstance.'" *Alquijay v. Garland*, 40 F.4th 1099, 1103 (9th Cir. 2022); *see id.* at 1103–04 (rejecting a similar argument that a petitioner's relative youth and lack of English language skills created a legal disability that excused the late filing). Thus, the asylum claim is time-barred. *See Taslimi*, 590 F.3d at 984 (describing the time bar and its exceptions); 8 U.S.C. § 1158(a)(2)(B), (D).

2.      Substantial evidence also supports the determination that, with respect to withholding of removal, Chicas-Lemos failed to demonstrate that the harm he suffered had a nexus to any protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010) (stating the standard of review and nexus requirement for withholding of removal). Although the BIA noted that Chicas-Lemos's family may constitute a particular social group, nothing in the record suggests that his membership in this group led to his past harms because he left El Salvador for the United States in 2007, six years before the incidents between his cousin and gang members. As for future persecution, substantial evidence supports the determination that Chicas-Lemos did not establish that he is "more likely than not" to be persecuted on account of a protected ground. *See Wakkary v. Holder*, 558 F.3d 1049, 1053 (9th Cir. 2009) (quoting 8 C.F.R. § 208.16(b)(2)). In the roughly three years between his aunt's death and his merits hearing before the IJ, no other member of Chicas-Lemos's family was injured by the gang, despite being similarly situated.

3.      Lastly, substantial evidence supports the CAT determination because Chicas-Lemos has not demonstrated that any future harm will be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Chicas-Lemos points to the country conditions in El Salvador. But this evidence does not establish that the Salvadoran government is unable or unwilling to control gang violence. *See, e.g.*, *Amaya v. Garland*, 15 F.4th 976, 987 (9th Cir. 2021) ("Given the lack of evidence supporting a claim of torture by the government, and the evidence demonstrating that El Salvador does not acquiesce to gang violence, substantial evidence supports the agency's denial of CAT relief."). Nor does it establish that Chicas-Lemos "face[s] any particular threat of torture beyond that of which all citizens of [El Salvador] are at risk." *Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam).

**PETITION DENIED.**[2]

---

[2]      The stay of removal remains in place until the mandate issues.